In each of the first two above-entitled actions: Judgment reversed and the complaint dismissed on the ground the record does not establish appellant is a wayward minor (Code Crim. Pro., § 913-a; People v. Allen, 22 N Y 2d 465).
Concur: Chief Judge Fuld and Judges Burke, Bergan, Keating, Breitel and Jasen. Judge Soileppi dissents and votes to affirm on the ground that there is sufficient evidence to sustain the adjudication (see dissenting opn. in People v. Allen, 22 N Y 2d 465, 473).
*782 In the third above-entitled action: Judgment reversed and the complaint dismissed without prejudice to the filing of a new proceeding addressed to defendant’s present status. The record does not establish appellant was a wayward minor (Code Grim. Pro., § 913-a; People v. Allen, 22 N Y 2d 465).
Concur: Chief Judge Fuld and Judges Burke, Bergan, Keating, Breitel and Jasen. Judge Scileppi dissents and votes to affirm on the ground that there is sufficient evidence to sustain the adjudication (see dissenting opn. in People v. Allen, 22 N Y 2d 465, 473).
In the fourth above-entitled action: Judgment modified by remitting the proceeding to Criminal Court to determine defendant’s present condition and need for remedial treatment and, as so modified, affirmed. It is nearly two years since the order of commitment to the New York City Reformatory was made. The determination that defendant was a wayward minor is sustained by the record now before us (People v. Salisbury, 18 N Y 2d 899).
Concur: Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen.